## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JOHNNY HOOKS, )
)
         Plaintiff, )
)
v. ) Case No. CIV-16-072-RAW-KEW
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
)
         Defendant. )

### REPORT AND RECOMMENDATION

Plaintiff Johnny Hooks (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 28, 1973 and was 42 years old at the time of the ALJ's latest decision. Claimant completed his high school education. Claimant has worked in the past as a pipeline laborer, temp service laborer, receiver at a retail warehouse, convenience store stocker, janitor, and retail store stocker and unloader. Claimant alleges an inability to work beginning October 7, 2008 due to limitations resulting from

3

congestive heart failure, high blood pressure, kidney disorder, diabetes mellitus, ischemic heart disease, hypertension, and obesity.

**Procedural History**

On April 24, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on August 18, 2011. The decision was reversed and remanded by this Court.

On August 18, 2015, ALJ Larry Shepherd conducted an administrative hearing by video with Claimant appearing in Ardmore, Oklahoma and the ALJ presiding in Oklahoma City, Oklahoma. On November 27, 2015, the ALJ issued a second unfavorable decision. Claimant did not seek review by the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

impairments, he retained the RFC to perform sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in reaching an RFC that is not supported by the evidence.

**RFC Evaluation**

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity, congestive heart failure, diabetes mellitus, degenerative disc disease, hypertension, asthma, obstructive sleep apnea, and chronic renal insufficiency/chronic kidney disease. (Tr. 605). The ALJ concluded that Claimant retained the RFC to perform less than a full range of sedentary work. In so doing, he found Claimant could lift/carry ten pounds occasionally and ten pounds frequently, sit for six hours in an eight hour workday, and stand and walk for at least two hours in an eight hour workday. Claimant could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. Claimant could not climb ladders, ropes, or scaffolds and must avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. (Tr. 608).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of food and beverage order clerk, addresser, and crushing and grinding machine operator,

all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 616). As a result, the ALJ found Claimant was not disabled since April 24, 2010. (Tr. 617).

Claimant contends the ALJ failed to establish an RFC which is supported by the medical record. Initially, Claimant expends a considerable amount of ink disparaging the overall record of the ALJ involved in this case. Such ad hominem attacks do little to further the factual and legal arguments in support of his position in this appeal.

Substantively, Claimant argues that the ALJ improperly relied upon credibility factors to reach his RFC rather than the weight of the medical evidence. Claimant's credibility was indeed a major factor in the ALJ's decision to discount the complaints associated with his severe impairments. This Court is somewhat perplexed by the ALJ's concentration on Claimant's lack of motivation to engage in a level of work above the level of substantial gainful activity which appears to be a subjective assessment not supported by any objective findings in the record. (Tr. 612). As to credibility in general, since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims – what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL

1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

Claimant next challenges the ALJ's assessment of the opinion of Dr. Thomas Lynn who reviewed Claimant's medical records and rendered an opinion on his condition and limitations. Dr. Lynn recognized that Claimant weighs between 375 and 400 pounds and that the combination of his morbid obesity and the compensated congestive heart failure from which he suffers makes it unlikely that Claimant could be employable at any competitive job on an eight hour day, five day a week basis. He also states that Claimant's morbid obesity will make controlling his hypertension and heart disease "highly problematic." Dr. Lynn concluded that in his opinion Claimant's impairments are equivalent to Listing 4.02 and have been at this severity level since October of 2008. (Tr. 597-98).

The ALJ gave "little weight" to this opinion because he is "not impartial, as he was referred by the claimant's representative specifically for use in his appeal." (Tr. 615). He also found that unspecified subsequent records indicate Claimant was less limited than found by Dr. Lynn. The ALJ then cited to matters of Claimant's credibility in relating his activities of daily living in discounting Dr. Lynn's position. Id.

7

To conclude Dr. Lynn's opinion was biased solely based upon the fact he was retained by Claimant's representative finds no support in the law or the record in this case. *see*, Crowder v. Colvin, 561 Fed. App'x 740, 743 (10th Cir. 2014)([Rejecting a professional on this basis] "implies that a consulting examiner's opinion is necessarily less trustworthy when it is sought or obtained by the claimant, a position that this court long ago rejected in the context of treating physicians' opinions.") While Defendant states other bases exist for rejecting the opinion, the ALJ apparently believed this finding of partiality to be of paramount concern since it was the first foundation for rejecting Dr. Lynn's opinion. The ALJ cites to conflicting medical evidence but cites none. Dr. Lynn reviewed records which contained Claimant's history from 2007 to 2011. It does not appear that Dr. Bird, upon whose opinion the ALJ did rely, reviewed records from outside this time period. (Tr. 513). On remand, the ALJ should re-evaluate Dr. Lynn's opinion in light of the entirety of the medical evidence and after reassessing Claimant's credibility.

Claimant also challenges the ALJ's assessment of the opinion of Dr. Brook Zimmerman, Claimant's treating physician. In a medical source statement from August 13, 2015, Dr. Zimmerman found Claimant could sit upright for up to four hours, stand a total of three hours, and walk a total of two hours in an eight hour workday. He

opined Claimant could not work an eight hour day at any exertional level, even with a sit/stand option. He determined Claimant could lift up to 50 pounds but not repetitively. Claimant could use foot controls but would also need to elevate his legs every hour. (Tr. 1189). The ALJ appears to take issue with the form Dr. Zimmerman completed, stating it was vague on the hand limitations listed and does not provide a maximum Claimant could do. He gave these limitations "very little weight." He also did not find sufficient explanation for the opinion on the form. The ALJ found the inability to work an eight hour day was "not a true medical opinion." He concluded such findings were reserved to Defendant and gave the opinion "no weight." (Tr. 614).

The ALJ must evaluate every medical opinion in the record, and he will consider several factors in deciding the weight that should be given to any medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)). In evaluating medical opinions, the ALJ must accord each opinion the proper weight on the basis of: (1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether

9

the opinion is from a specialist. Id. at 626. *See also* Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ must give good reasons for the weight assigned to a medical opinion and set forth specific, legitimate reasons for rejecting an opinion of an acceptable treating source. Watkins, 350 F.3d at 1300-1301.

As to the opinion of the treating physician, the ALJ does not cite to inconsistencies in the medical evidence to discount Dr. Zimmerman's opinion but rather disputes the adequacy of the form on which he expressed his opinion. This Court cannot conclude that the ALJ has set forth specific and legitimate reasons for the wholesale rejection of this treating physician's opinion. On remand, if the ALJ maintains the rejection of this opinion, he shall set forth the evidence in the record which specifically conflicts with Dr. Zimmerman's conclusions. Should it become apparent that Dr. Zimmerman should be re-contacted to obtain further medical clarification of his opinion, the ALJ shall do so.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social

Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE